# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Nan R. Nolan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6480 | **DATE** | 9/4/2003 |
| **CASE TITLE** | Jay Foods LLC vs. Snyder's of Hanover, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held and continued to 10/29/03 at 10:00 a.m. Defendant's motion to compel discovery responses from plaintiff is denied as moot [23-1]. For the reasons stated in the attached Memorandum Opinion and Order, defendant's supplemental motion to compel discovery responses from plaintiff is granted in part and denied in part. Plaintiff's motion for leave to respond to defendant's second supplemental motion to compel and motion for sanctions is granted. Defendant's additional supplemental motion to compel discovery responses from plaintiff and motion for sanctions is entered and continued. Entered Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 0 5 2003 | |
| | Notified counsel by telephone. | | date docketed | 31 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 SEP -5 AM 8:17 | date mailed notice | |
| hmb | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
SEP 0 5 2003

JAYS FOODS, L.L.C., )
    an Illinois limited liability company, )
                                  Plaintiff, )
                                  vs. )    Case No. 02 C 6480
SNYDER'S OF HANOVER, INC., )
    a Pennsylvania corporation, )
                                  Defendant. )

## MEMORANDUM OPINION AND ORDER

NAN R. NOLAN, Magistrate Judge:

Jays Foods, L.L.C. ("Jays") filed suit against Snyder's of Hanover, Inc. ("Snyder's) alleging wrongful termination of the parties' agreement to have Jays distribute snack foods on behalf of Snyder's in certain regions within Illinois. Jays seeks damages for breach of contract, promissory estoppel and procuring cause. Snyder's filed a counterclaim against Jays alleging breach of contract, declaratory relief, tortious interference with business expectancy and tortious interference with contract. This matter is now before the Court on Snyder's Supplemental Motion to Compel. For the reasons set forth below, the motion is granted in part and denied in part.

### BACKGROUND

On February 28, 2003, Snyder's served its First Set of Interrogatories ("Interrogatories") and First Request for Production of Documents ("First Request") on Jays. A Second Request for Production of Documents ("Second Request") followed on March 13, 2003. Jays responded to

the various requests on April 2, 17 and 21, 2003, but Snyder's believed that the answers were inadequate and ultimately filed a motion to compel on or about June 24, 2003. At a hearing on July 16, 2003, the Court instructed the parties to make further attempts to resolve their disputes without court intervention. Snyder's was granted leave to file a supplemental motion to compel regarding any issues that remained unresolved after the parties' discussions, and it did so on August 8, 2003. Jays apparently submitted supplemental interrogatory answers to Snyder's on August 19, 2003, though it has not indicated the nature of those additional responses. Jays responded to Snyder's motion to compel on August 21, 2003.

## DISCUSSION

1. <u>Interrogatory 5</u>

Interrogatory 5 asks Jays to identify the oral representations it claims form part of its contract or agreement with Snyder's. Jays objects, without citation, that this calls for a legal conclusion, and notes that it has already identified persons with knowledge of the representations and has agreed to provide documents responsive to this request. Pl. Mem., p. 2. Unless the facts are undisputed, the existence of an oral contract and its terms is generally a question of fact for a jury. *Podolsky v. Alma Energy Corp.*, 143 F.3d 364, 369 (7th Cir. 1998). In addition, "[t]he burden of proof rests with the party asserting the existence of an oral contract to prove the terms of the agreement and the definite and certain nature of the terms." *Hegele v. Hegele*, No. 97 C 7839, 1998 WL 832659, at *3 (N.D. Ill. Nov. 17, 1998). To the extent Jays is claiming breach of contract based on any oral representations or agreements allegedly made by Snyder's, it must specifically identify those representations. Snyder's motion to compel answers to this interrogatory is granted.

2.  Interrogatories 16 and 17

Jays has agreed to provide responses to Interrogatories 16 and 17 pursuant to a protective order. Pl. Mem., pp. 2-3. Thus, the parties are directed to submit a draft protective order for the Court's review. The protective order should contain a specific and narrow definition of the types of documents to be protected from public disclosure, including citations to authority supporting protection of each such category of confidential information. *Baxter International, Inc. v. Abbott Laboratories*, 297 F.3d 544, 548 (7th Cir. 2002); *IGF Ins. Co. v. Continental Casualty Co.*, 2001 WL 1763306 (S.D. Ind. Sept. 24, 2001).

In addition, the Court directs the parties to *Pepsico, Inc. v. Redmond*, 46 F.3d 29 (7th Cir. 1995) and *In the Matter of Grand Jury*, 983 F.2d 74 (7th Cir. 1992), which discuss the impropriety of filing entire pleadings or briefs under seal. The protective order should indicate that the parties must file public pleadings and briefs but may file sealed supplements if necessary to discuss in detail materials subject to the protective order. Documents which contain both protectable and non-protectable information need only have the protectable portions of the documents redacted in order to maintain secrecy. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). Finally, the protective order should indicate that either party or an interested member of the public can challenge the secreting of particular documents pursuant to the protective order. *Id.* at 946.

3.  Interrogatory 23

Interrogatory 23 requests information relating to "any litigation, arbitration, or administrative order involving distribution agreements or the distribution or sale of products" that names Jays as a party within the last 10 years. Jays contests the 10-year time frame, but

3

Snyder's has stated a willingness to limit the request to five years. Def. Mem., p. 7. Snyder's notes that Jays is seeking to recover damages for, among other things, costs associated with trucks, hand-held computers, printers, routes and sales representatives it allegedly added as a result of the Snyder's business. According to Snyder's, evidence that Jays "made identical or similar claims against other entities . . . would be relevant to Jays' allegations and to the damages Jays has asserted in the present action." Def. Mem., p. 7. Snyder's also argues that the requested information may reveal how Jays has performed similar distributorship agreements and the length of notice it gave to terminate them. *Id.* In response, Jays states in conclusory fashion that its performance of other distribution agreements is not relevant, without any explanation. Jays also claims that the interrogatory is overbroad because it could encompass employment disputes with employees relating to the performance of a distribution agreement. Pl. Mem., p. 3.

The Federal Rules of Civil Procedure contemplate liberal discovery, and "relevancy" under Rule 26 is extremely broad. *See Hahn v. Village of Downers Grove*, No. 98 C 7281, 1999 WL 350861, at *4 (N.D. Ill. May 26, 1999). However, discovery is not unlimited and must relate to the particular claims of the case. *See Byers v. Illinois State Police*, No. 99 C 8105, 2002 WL 1264004, at *6 (N.D. Ill. June 3, 2002). Based on the parties' arguments, the Court agrees that documents and information relating to disputes involving the terms, interpretation, and termination of Jays' distributorship agreements within the past five years may be relevant to Jays' claims for damages and its assertion that Snyder's did not provide sufficient notice of termination. *See Shapo v. Engle*, No. 98 C 7909, 2000 WL 876994, at *3 (N.D. Ill. July 3, 2000) ("[a] discovery request is relevant if there is any chance that the information sought may be relevant to the subject matter of the action"). Jays has offered nothing to counter Snyder's

4

argument on this issue, so these documents must be produced. However, to the extent Snyder's seeks further information from this request, the motion is denied.

4.  Interrogatory 24

Interrogatory 24 requests information regarding the sale and/or distribution of Jays' "Products" from 2000 to the present within or for the "Territory."[1] Snyder's claims that the requested information is relevant to its counterclaims, which allege damages arising from Jays' efforts to market its own products at the expense of Snyder's. Snyder's also argues that the information is relevant to Jays' claim that it cultivated business relationships for Snyder's as opposed to itself or others. Def. Mem., p. 8. In response, Jays objects that Snyder's "is merely using this litigation to try and gain access to as much of Jays' business information as possible." Jays also points out that Snyder's has elsewhere requested information relating to Jays' specific efforts to cultivate business for Snyder's. Pl. Mem., pp. 3-4.

The Court finds that the requested information, which will allow a comparison between Jays' sales of Snyder's products versus sales of its own products, is arguably relevant to Snyder's counterclaim regarding whether Jays made appropriate efforts to cultivate business for Snyder's. The motion to compel this information is therefore granted. Any concerns Jays has about disclosing confidential customer information may be addressed in an appropriate protective order.

---

[1] Neither party provided any documents containing the definition of the terms "Products" or "Territory."

5

5.  First Request No. 75

Jays' objection to First Request 75 is that it "remains confused" as to the meaning of the terms "ledgers," "records," and "statements" as they relate to the products it sells and/or distributes. The Court finds the term "ledgers" to be self-explanatory and Jays is ordered to produce those documents. However, there are many different kinds of records and statements (e.g., time, billing, bank, personnel, financial, invoice, payroll, etc.), some of which may not be of any interest to Snyder's. To avoid confusion, Snyder's is directed to describe the specific types of records and statements it seeks in this request.

6.  First Request Nos. 81, 82, 84-89

First Request Nos. 81, 82, and 84-89 all relate to Jays' financial records and the Jays products it sold from 2000 to the present. Jays objects that Snyder's is simply trying "to gain as much information as possible on one (1) of its competitors through this litigation." Pl. Mem., p. 4. Of course, Jays initiated this lawsuit and has not explained why the information is not relevant. Snyder's, on the other hand, has pointed out that the information is relevant to Jays' claims for damages relating to new equipment allegedly purchased for Snyder's; Jays' efforts to cultivate business on behalf of Snyder's as opposed to itself or other companies; Jays' claims for non-payment, lost profits and additional expenses; and Jays' course of conduct with Snyder's and others. Def. Mem., pp. 9-11. Snyder's motion to compel these documents is granted. Again, Jays' concerns about disclosing confidential information may be addressed with an appropriate protective order.

7. <u>Second Request No. 9</u>

Second Request 9 seeks documents relating to Jays' relationship with Cape Cod, which apparently overlapped in part with Jays' relationship with Snyder's. Jays objects that Snyder's only wants this information "to continue its scheme to pirate Jays' business and relationships." But once again, Jays has not shown how the information is overly broad, burdensome, or not relevant. Pl. Mem., p. 4. Snyder's is attempting to discern whether any additional costs or business efforts which Jays claims to have incurred on behalf of Snyder's might be attributable to Cape Cod instead. Def. Mem., pp. 11-12. Jays has not provided any basis for its objection to this request and the motion to compel is granted. As with earlier requests, an appropriate protective order can address Jays' concerns about disclosing confidential information.

## CONCLUSION

For the reasons stated above, Snyder's Supplemental Motion to Compel (Docket Entry #23-1) is granted in part and denied in part.

NAN R. NOLAN
United States Magistrate Judge

Dated: September 4, 2003